Filed 7/5/18

# IN THE SUPREME COURT OF CALIFORNIA

DOMINIQUE LOPEZ, a Minor, etc.,    )
)
      Plaintiff and Appellant,    )         S235357
)
          v.    )      Ct.App. 2/8 B256792
)
SONY ELECTRONICS, INC.,    )      Los Angeles County
)      Super. Ct. No. BC476544
      Defendant and Respondent.    )
_____)

When a child is allegedly harmed by in utero exposure to hazardous chemicals, which statute of limitations applies: that for toxic exposure claims (Code Civ. Proc., § 340.8, subd. (a)),[1] or that for prenatal injuries (§ 340.4)? The answer determines the viability of this lawsuit. Because the toxic exposure statute was more recently enacted, and its language plainly encompasses prenatal injuries, we conclude it applies here. The limitations period for toxic exposure suits is two years, but it is tolled while the plaintiff is a minor. (See § 352; *Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1540-1541 (*Nguyen*).) Accordingly, the claims here are not time-barred, and the trial court's entry of summary judgment should be reversed.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

1

## I.  BACKGROUND

Plaintiff Dominique Lopez was born on April 13, 1999, with multiple birth defects, including chromosomal deletion, cervical vertebrae fusion, facial asymmetry, dysplastic nails, diverticulum of the bladder, and a misshapen kidney. She also suffers from developmental delays.  For over 20 years, including the term of her pregnancy, plaintiff's mother worked at a Sony Electronics, Inc. (Sony) manufacturing plant.  She allegedly worked with and around "teratogenic and reproductively toxic" chemicals.

Plaintiff sued on January 6, 2012, when she was 12 years old.  She alleged that she and her mother were exposed to toxic chemicals at the Sony plant, resulting in her birth defects.  Seeking summary judgment, Sony argued the action was time-barred under section 340.4, the six-year statute of limitations for birth and prenatal injuries.  It urged that, by August of 2000, plaintiff's mother had reason to suspect her workplace chemical exposure had caused plaintiff's birth defects.  Plaintiff did not dispute this assertion.  Instead, she maintained her action fell not under section 340.4, governing prenatal injuries, but under section 340.8, covering injuries caused by toxic exposure.  Section 340.8's limitations period is only two years but, unlike section 340.4, it permits tolling during minority and periods of mental incapacity.

The trial court applied section 340.4 and granted summary judgment.  A divided panel of the Court of Appeal affirmed.  The majority disagreed with the Sixth District Court of Appeal's decision in *Nguyen*, *supra*, 229 Cal.App.4th 1522, which had reached the opposite conclusion.  We granted review to resolve the conflict.

## II.  DISCUSSION

A.    *The Relevant Statutes*

The *prenatal injury* statute, section 340.4, states:  "An action by or on behalf of a minor for personal injuries sustained before or in the course of his or her birth must be commenced within six years after the date of birth, and the time

2

the minor is under any disability mentioned in Section 352 [providing for tolling during minority or incapacity] shall not be excluded in computing the time limited for the commencement of the action."

The origins of the prenatal injury statute trace back to 1872, when the Legislature first authorized a right of action for injuries sustained before birth. (*Young v. Haines* (1986) 41 Cal.3d 883, 892 (*Young*).) The original statute[2] did not specify a limitations period. A later amendment incorporated the six-year limitations period for personal injuries and expressly prohibited tolling. (Stats. 1941, ch. 337, § 1, p. 1579; see *Young*, at p. 892.) The amended statute was reenacted without substantive change as section 340.4. (Stats. 1992, ch. 163, § 16, p. 731.) Thus, since 1941, the statute of limitations for prenatal injuries has been six years and is not tolled during minority.

The *toxic exposure* statute, section 340.8, subdivision (a), states: "In any civil action for injury or illness based upon exposure to a hazardous material or toxic substance, the time for commencement of the action shall be no later than either two years from the date of injury, or two years after the plaintiff becomes aware of, or reasonably should have become aware of, (1) an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused or contributed to by the wrongful act of another, whichever occurs later." The statute further provides that a " 'civil action for injury or illness based upon exposure to a hazardous material or toxic substance' " in subdivision (a) "does not include an action subject to Section 340.2 or 340.5." (§ 340.8, subd. (c)(1).) These exceptions refer to the statutes of limitations specifically prescribed for asbestos-related injury claims (§ 340.2) and medical malpractice claims (§ 340.5).

The toxic exposure statute became effective on January 1, 2004. (Stats. 2003, ch. 873, § 2, p. 6398.) We had previously held that a tort cause of action

---

[2]     Former Civil Code section 29.

3

does not accrue until the plaintiff knows, or has reason to suspect, that he was injured as a result of someone's wrongdoing. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-399; *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111; see *Clark v. Baxter Healthcare Corp.* (2000) 83 Cal.App.4th 1048, 1058-1060.) This common law delayed discovery rule has long applied to prenatal injury claims. (See *Young*, *supra*, 41 Cal.3d at pp. 892-893.) The Legislature declared that section 340.8 was intended to codify the delayed discovery rule for personal injury and wrongful death cases involving toxic exposure. (Stats. 2003, ch. 873, § 2, p. 6398; see Sen. Com. on Judiciary, Analysis of Sen. Bill No. 331 (2003-2004 Reg. Sess.) as amended Apr. 29, 2003, p. 1.)[3] Section 340.8 has been applied broadly, encompassing both environmental hazards and prescription drugs. (See *Nelson v. Indevus Pharmaceuticals, Inc.* (2006) 142 Cal.App.4th 1202, 1209.)

B.      *The Toxic Exposure Statute Applies to Prenatal Toxic Injuries*

This case poses a pure question of statutory interpretation, subject to independent review. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529.) "Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose. [Citation.] We begin by examining the statute's words ' "because they generally provide the most reliable indicator of legislative intent." [Citation.] If the statutory language is clear and unambiguous our inquiry ends.' " (*In re D.B.* (2014) 58 Cal.4th 941, 945.) In that case, the plain meaning of the statute is controlling, and " 'resort to extrinsic sources to determine the

---

[3]      The Legislature also declared an intent to disapprove *McKelvey v. Boeing North American, Inc.* (1999) 74 Cal.App.4th 151, 161, to the extent that case put the burden on plaintiffs to show they were unaware of published reports suggesting a defendant's wrongdoing. (Stats. 2003 ch. 873, § 2, p. 6398.) To this end, section 340.8, subdivision (c)(2) states: "Media reports regarding the hazardous material or toxic substance contamination do not, in and of themselves, constitute sufficient facts to put a reasonable person on inquiry notice that the injury or death was caused or contributed to by the wrongful act of another."

4

Legislature's intent is unnecessary.' " (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 288.)

Plaintiff's case appears to fall within the ambit of both statutes of limitations. It is "[a]n action . . . for personal injuries sustained before or in the course of . . . birth" (§ 340.4) and a "civil action for injury or illness based upon exposure to a hazardous material or toxic substance" (§ 340.8, subd. (a)). Allegedly, plaintiff's injuries were both sustained before birth *and* caused by toxic exposure.

When possible, courts seek to harmonize inconsistent statutes, construing them together to give effect to all of their provisions. (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955 (*State Dept. of Public Health*).) Sony urges us to reconcile the provisions by holding that section 340.8 applies to all toxic exposure injuries *except* those incurred before birth. "But the requirement that courts harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes to strike a compromise that the Legislature did not reach." (*State Dept. of Public Health*, at p. 956.) Here, harmony is not possible. Each statute plainly encompasses plaintiff's claims, yet the choice of one automatically nullifies the other. If section 340.4 applies, a subset of toxic exposure claims will be governed by an untollable six-year statute of limitations instead of the two-year toxic exposure limit, tolled during minority. If section 340.8 applies, a subset of prenatal injury claims will fall under the tollable two-year limit instead of the six-year period. We must determine which limitations period the Legislature intended to apply.

The rules for construing irreconcilable statutes are well established. (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 960.) "If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation]." (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310; see § 1859; *City of Petaluma v. Pac. Tel. & Tel. Co.* (1955) 44 Cal.2d 284, 288.) The rule

5

encompasses competing limitations periods.  (*Strother v. California Coastal Com.* (2009) 173 Cal.App.4th 873, 879; see, e.g., *May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1337; *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 880; *Committee for a Progressive Gilroy v. State Water Resources Control Bd.* (1987) 192 Cal.App.3d 847, 859.)

Section 340.8 postdates section 340.4 by more than 60 years.  This fact is important, though it does not end the inquiry.  "[T]he rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence."  (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 960.)  We therefore examine their relative specificity.  As drafted, neither statute is *more* specific than the other.  They both apply to personal injury claims.  However, a close reading confirms that the Legislature intended section 340.8, the later-enacted statute, to control here.

Section 340.4 encompasses a claim arising at a given time:  "An action by or on behalf of a minor for personal injuries sustained before or in the course of his or her birth."  By contrast, section 340.8, subdivision (a) provides a limitation on "any civil action for injury or illness based upon exposure to a hazardous material or toxic substance."  Comparing the two, we see that the prenatal statute speaks not to the cause of injury, but to *when* it was inflicted.  The toxic exposure statute applies to any personal injury, regardless of when inflicted, if the *cause* of injury was toxic exposure.  When an injury was caused and how it was caused are both specific aspects of the competing statutory provisions.  But neither is inherently more specific than the other.  Sony argues the different statutory triggers create an ambiguity.  They do not.  Both statutes are clear.  The difference in how the two statutes are triggered creates a *conflict*, not an ambiguity.  It is this conflict we resolve under the guiding statutory language and interpretive tools.

The toxic exposure statute embraces "any" civil action.  (§ 340.8, subd. (a).)  "Any" is a term of broad inclusion, meaning "without limit and no matter what kind."  (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.)  The

6

word "any" means that section 340.8 applies to *all* actions described in the statute unless an express exception is made. (See *Delaney*, at p. 798.)

Section 340.8 makes two exceptions to its broad limitations rule. The choice to include these exceptions, and no other, also shows the Legislature intended the toxic exposure statute to apply here. Section 340.8 states that the actions to which it applies do "not include an action subject to Section 340.2 [alleging asbestos exposure] or 340.5 [alleging medical malpractice]." (§ 340.8, subd. (c)(1).) Section 340.8 does *not* make an exception for prenatal injury claims falling under section 340.4.

"Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary." (*Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230; see *Vafi v. McCloskey*, *supra*, 193 Cal.App.4th at p. 881.) We have cautioned that the *expressio unius* inference properly arises only when there is reason to believe a legislative omission was intentional, such as when the statute contains a "specific list" or presents a "facially comprehensive treatment." (*Howard Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 514.) Here, there is a list. Section 340.8, subdivision (c)(1) specifically excludes asbestos and medical malpractice claims. The Legislature clearly recognized that section 340.8 could potentially overlap other statutes of limitations, as is the case here. The Legislature could have provided that prenatal injuries be excluded from section 340.8's reach. It did not do so. We will not create an exception the Legislature did not enact. (See *Sierra Club*, at p. 1230; *Williams v. Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 603 (*Williams*).)

Moreover, section 340.8, subdivision (d) goes on to state: "Nothing in this section shall be construed to limit, abrogate, or change the law in effect on the effective date of this section with respect to actions *not* based upon exposure to a hazardous material or toxic substance." (Italics added.) By negative inference, it

appears that the Legislature *did* intend to alter the law for all toxic exposure claims, except for those specifically excluded.

Citing various legislative committee reports, Sony argues the Legislature's *sole* purpose in enacting section 340.8 was to codify the delayed discovery doctrine for toxic exposure cases. The Legislature did declare an intent to codify the delayed discovery rule (Stats. 2003, ch. 873, § 2, p. 6398), and the statutory language reflects our holdings on that concept. (§ 340.8, subds. (a), (b); see *Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at pp. 397-399.) However, the text of section 340.8 does more. It creates a two-year statute of limitations applicable to all hazardous exposure claims except those alleging injury due to asbestos or medical malpractice. We cannot ignore this additional language. Moreover, nothing in the legislative history suggests an intent to exclude prenatal hazardous exposure claims from the reach of section 340.8. Because the Legislature acts with one stated purpose does not preclude it from achieving other purposes as well.

We addressed a similar question in *Young*, *supra*, 41 Cal.3d 883. There, the plaintiff alleged injury during birth caused by the negligence of health care providers. (*Id*. at p. 889.) The question was whether the action was governed by the prenatal injury statute of limitations[4] or the more recently enacted medical malpractice statute. (*Young*, at p. 889.) Under the delayed discovery rule, the plaintiff's claims would have been timely under the prenatal injury statute but not under the stricter medical malpractice provisions. (*Id*. at pp. 893-894; see § 340.5.) We noted that specific statutes prevail over conflicting provisions in more general statutes (see § 1859) but observed "[t]he two statutes on their face are equally specific. Section 29 governs all actions for prenatal and birth injuries, regardless of their cause. Section 340.5 governs all actions for injuries caused by

---

[4]     The specific statute at issue in *Young* was former Civil Code section 29, the predecessor statute to section 340.4. (Stats. 1992, ch. 163, § 16, p. 731.)

8

medical malpractice, regardless of the nature of the injury." (*Young*, at p. 894.) We concluded section 340.5 controlled because it was later enacted as part of the Medical Injury Compensation Reform Act (MICRA), "an interrelated legislative scheme enacted to deal specifically with all medical malpractice claims." (*Young*, at p. 894.) Section 340.8 is the later-enacted statute here. Although section 340.8 was not part of a comprehensive scheme, its broad language signals the Legislature's intent to encompass all hazardous and toxic exposure claims, subject only to two exceptions.[5]

Sony asserts that giving effect to section 340.8 would impliedly repeal section 340.4 for a subset of prebirth injuries. Repeals by implication are disfavored. "We do not presume that the Legislature intends, when it enacts a statute, to overthrow long-established principles of law unless such intention is clearly expressed or necessarily implied." (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199; see *Williams*, *supra*, 68 Cal.2d at p. 603.) "Thus, ' " 'we will find an implied repeal "only when there is no rational basis for harmonizing . . . two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' " ' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*).) We have, in many instances, found harmonization possible.[6] This is not such an instance.

---

[5] Attempting to turn *Young* to its advantage, Sony asserts that the prenatal injury statute is part of a long-standing statutory scheme. The characterization is inapt. The only related statute Sony identifies is Civil Code section 43.1, which authorizes a right of action for injuries sustained in utero. (*Snyder v. Michael's Stores, Inc.* (1997) 16 Cal.4th 991, 996.) These two statutes, which are both derived from former Civil Code section 29, do not comprise a statutory "scheme" comparable to MICRA.

[6] For example, in *Even Zohar* we found no conflict between the statute limiting repeated motions for reconsideration (§ 1008) and the statute authorizing relief from default (§ 473, subd. (b)). (*Even Zohar*, *supra*, 61 Cal.4th at pp. 840-841.) The conclusion that section 1008 restricted repeated motions for relief under

9

Sections 340.4 and 340.8 cannot be given "concurrent operation," because two different statutes of limitations cannot govern the same claim. (See, e.g., *Young*, *supra*, 41 Cal.3d at p. 894; *May v. City of Milpitas*, *supra*, 217 Cal.App.4th at p. 1337; *Vafi v. McCloskey*, *supra*, 193 Cal.App.4th at pp. 880-881.) The implied repeal at issue here is limited in scope, however. Section 340.8 supersedes section 340.4 only for prenatal injuries resulting from exposure to toxic or hazardous materials. It does not apply to injuries from other causes. (See § 340.8, subd. (d).)

C.    *Applying the Toxic Exposure Statute Does Not Produce Absurd Results*

To justify departing from a literal reading of a clearly worded statute, the result must be so unreasonable that the Legislature could not have intended it. (*In re D.B.*, *supra*, 58 Cal.4th at p. 946.) Because section 340.8 permits minority tolling, applying it to prenatal toxic exposure injuries could potentially enlarge the limitations period from a child's sixth birthday to its 20th. However, this difference may not be as striking in reality as it may appear. The discovery rule is available to extend the time for filing all prenatal injury claims, even under section 340.4. (See *Young*, *supra*, 41 Cal.3d at pp. 892-893.) Nonetheless, Sony urges that the enlargement of time possible under section 340.8 is so great as to be absurd. The argument fails.

The Legislature could reasonably have chosen to treat in utero toxic exposure cases differently from the more general class of injuries suffered before or during birth. The potential causes of many birth-related injuries will be readily identifiable, and it is reasonable to expect their effect will manifest before a child

_____

section 473, subdivision (b) gave full effect to the language of both statutes. Similarly, in *In re Greg F.* (2012) 55 Cal.4th 393, 408, we concluded a statute limiting the conditions for a juvenile ward's institutional commitment did not impliedly repeal a long-standing provision giving the juvenile court discretion to dismiss a wardship petition, even when such a dismissal could result in the ward's commitment. (See Welf. & Inst. Code, §§ 733, subd. (c), 782; see also *In re Michael G.* (1988) 44 Cal.3d 283, 289.)

reaches age six.  A prohibition against tolling during minority may not be onerous in those circumstances.

The toxic exposure statute, on the other hand, is not limited to an identifiable period like gestation and birth.  It covers an exposure occurring at any age.  The exposure may also occur under circumstances less likely to put a plaintiff on notice.  It may happen over a brief or extended period, in the workplace, the home, or other frequented locations.  The harmful effects of exposure may take longer to manifest than injuries from other causes, regardless of whether the exposure occurred before or after birth.  The Legislature's policy choice to permit tolling during a period of minority or incapacity, as section 352 does, reflects these differences.[7]

---

[7]    The toxic exposure statute does not specifically mention tolling.  However, its limitations period appears subject to tolling under section 352, subdivision (a). (*Nguyen*, *supra*, 229 Cal.App.4th at pp. 1540-1541; see *Williams*, *supra*, 68 Cal.2d at p. 601.)  The parties do not dispute this point.  However, an amicus curiae brief filed on Sony's behalf contends a different rule should apply if the hazardous exposure occurred before birth.  These amici argue the no-tolling rule of section 340.4 can be severed and applied to *all* prenatal injury claims, making plaintiff's claims untimely even if section 340.8 applies.  We are aware of no authority for parsing statutory provisions in this fashion, restoring vitality to some parts while leaving others inoperative.  The amici rely on *California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 270-274, but there we were addressing the very different topic of excising unconstitutional portions of a statute to prevent invalidation of the whole.  That severability analysis is informed by the general presumption in favor of statutes' constitutionality.  (See *Santa Barbara Sch. Dist. v. Superior Court* (1975) 13 Cal.3d 315, 330-331; *In re Blaney* (1947) 30 Cal.2d 643, 655.)  No similar rationale supports the severance amici would have us conduct.

Moreover, the language of section 340.4 does not support extending the no-tolling rule outside the statute's own boundaries.  Section 340.4 is a single sentence:  "An action by or on behalf of a minor for personal injuries sustained before or in the course of his or her birth must be commenced within six years after the date of birth, and the time the minor is under any disability mentioned in Section 352 shall not be excluded in computing the time limited for the commencement of the action."  Under a straightforward reading, "*the* minor" (§ 340.4, italics added) in the second clause refers to the same "minor" in the first

We presume the Legislature was aware of section 340.4 when it enacted section 340.8.  (See *People v. Harrison* (1989) 48 Cal.3d 321, 329.)  Indeed, it made exceptions for statutes that appear in the code before (§ 340.2) and immediately after (§ 340.5) the prenatal injury statute.  (See § 340.8, subd. (c)(1).)  The Legislature was also presumably aware of the long-standing rule that most claims belonging to minors are tolled during minority.  (See § 352; *Williams*, *supra*, 68 Cal.2d at p. 602.)  Nearly 50 years ago, we observed it was "a deep and long recognized principle of the common law and of this state" that "children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations."  (*Williams*, at p. 602.)  Yet, aware of this general tolling principle, the Legislature chose not to include section 340.4 among the enumerated exceptions to the toxic exposure statute.  It may well have considered a longer limitations period appropriate for injuries caused by in utero exposure to hazardous substances due to potential difficulties in identifying such injuries in children or in tracing their source.  Although these problems might have been alleviated by the common law delayed discovery rule, the Legislature may have considered application of that rule under section 340.4 too uncertain.  After all, its purpose in enacting section 340.8 was to codify the discovery rule for "any" personal injury or wrongful death claim based on exposure to hazardous materials.  (§ 340.8, subd. (a).)  Alternately, the Legislature may have wished to avoid having different limitations periods apply depending on whether a toxic exposure produced injuries before or after birth.  Applying the same statute to all hazardous exposure claims, regardless of when they accrued, makes it unnecessary to

---

clause who must file suit within six years.  Likewise, read in context, the second clause's prohibition on tolling of "*the* time limited for the commencement of *the* action" (§ 340.4, italics added) refers to the six-year limitations period established in the statute's first clause.  There is no indication this provision was meant to apply to any actions other than those subject to section 340.4.

12

confront difficult factual questions about when an exposure occurred and when it caused injury.

"When statutory language is unambiguous, we must follow its plain meaning ' " 'whatever may be thought of the wisdom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature.' " ' " (*In re D.B.*, *supra*, 58 Cal.4th at p. 948.) Here, the language of section 340.8 clearly encompasses claims of prenatal injury based on exposure to toxic substances. Adhering to this language, and applying section 340.8 to all hazardous exposure claims, regardless of when the injury occurred, does not produce absurd results. Although our construction of section 310.8 means that plaintiffs who suffer injury from prenatal toxic exposure have up to 20 years to sue, there is no dispute that an *infant* who is so exposed postdelivery also has close to 20 years to file suit. (See §§ 340.8, subd. (a), 352.) Limitations rules are an exercise in line-drawing. We cannot say it was implausible or absurd for the Legislature to redraw the line for prenatal injuries caused by toxic exposure. Accordingly, we conclude section 340.8 governs plaintiff's action.

D. *Application*

At the earliest, plaintiff's claims against Sony accrued in 1999, when she was born. Section 340.8 did not go into effect until January 1, 2004. (Stats. 2003, ch. 873, § 2, p. 6398.) Before that time, plaintiff's claims would have been subject to section 340.4's shorter period for filing suit.

Previous decisions have established rules for determining the effect of extending a limitations period. "As long as the former limitations period has not expired, an enlarged limitations period ordinarily applies and is said to apply prospectively to govern cases that are pending when, or instituted after, the enactment took effect. This is true even though the underlying conduct that is the subject of the litigation occurred prior to the new enactment." (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 956.) Because section 340.8 was in effect in 2012, when plaintiff filed this lawsuit, it governs her claims so long as they were not time-

13

barred under the previously applicable statute of limitations. Section 340.4 required that plaintiff file suit within six years after her date of birth. Her time for filing under section 340.4 would have expired on April 13, 2005, more than a year *after* section 340.8 became effective. Accordingly, plaintiff's claims had not lapsed and are governed by section 340.8. Claims subject to this statute of limitations may be tolled during the plaintiff's minority. (See *ante*, at p. 11.) Because plaintiff filed this lawsuit while still a minor, her claims are timely under section 340.8 pursuant to section 352 tolling. The trial court erred in granting summary judgment.

### III.  DISPOSITION

The judgment of the Court of Appeal is reversed. The case is to be remanded to the trial court with directions to vacate its order granting summary judgment.


**CORRIGAN, J.**


**WE CONCUR:**


**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J**
**HOFFSTADT, J.***


_____

\*      Associate Justice of the Court of Appeal, Second Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Lopez v. Sony Electronics, Inc.

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 247 Cal.App.4th 444
**Rehearing Granted**

_____

**Opinion No.** S235357
**Date Filed:** July 5, 2018

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Frederick C. Shaller

_____

**Counsel:**

Waters Kraus & Paul and Michael B. Gurien for Plaintiff and Appellant.

Musick, Peeler & Garrett, William A. Bossen, Alejandro H. Aharonian and Cheryl A. Orr for Defendant and Respondent.

Hugh F. Young, Jr.; Drinker Biddle & Reath and Alan J. Lazarus for Product Liability Advisory Council, Inc., as Amicus Curiae on behalf of Defendant and Respondent.

Keller/Anderle, Jennifer L. Keller, Yen-Shyang Tseng and Michael A. Schachter for Western Digital Corporation as Amicus Curiae on behalf of Defendant and Respondent.

Horvitz & Levy, Jeremy B. Rosen, John F. Querio, Scott P. Dixler; Janet Y. Galeria; and Fred J. Hiestand for Chamber of Commerce of the United States of America, American Insurance Association, Association of Southern California Defense Counsel and Civil Justice Association of California as Amici Curiae on behalf of Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael B. Gurien
Waters Kraus & Paul
222 North Sepulveda Boulevard, Suite 1900
El Segundo, CA 90245
(310) 414-8146

Cheryl A. Orr
Musick, Peeler & Garrett
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017-3383
(213) 629-7600