Filed 2/3/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>FALLON LUPE FLORES,<br><br>　　Defendant and Appellant. | D075826<br><br><br>(Super. Ct. No. RIF1205278) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Meredith White and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

In 2018, the Legislature passed and the Governor signed into law Senate Bill No. 1437, which restricted the circumstances under which a person can be liable for felony

murder and abrogated the natural and probable consequences doctrine as applied to murder. (Stats. 2018, ch. 1015.) It also established a procedure permitting qualified persons with murder convictions to petition to vacate their convictions and obtain resentencing if they were previously convicted of felony murder or murder under the natural and probable consequences doctrine. (*Id*., § 4.) This appeal requires us to determine whether an otherwise-qualified person convicted of voluntary manslaughter, as opposed to murder, can invoke the resentencing provision of Senate Bill No. 1437.

Defendant Fallon Lupe Flores was charged with murder, but pleaded guilty to the lesser included offense of voluntary manslaughter. Years later, she filed a petition to have her conviction vacated and to be resentenced under the resentencing provision of Senate Bill No. 1437. The trial court denied Flores's petition on grounds that the resentencing provision is available only to qualifying persons who were convicted of murder—not persons who were convicted of voluntary manslaughter. We agree with the trial court. Therefore, we affirm the order denying Flores's petition.

II

BACKGROUND

In 2013, Flores and five codefendants were each charged by information with one count of the murder of victim John Doe (Pen. Code, § 187, subd. (a)),[1] while they were engaged in the commission or attempted commission of a robbery (§§ 190.2, subd. (a)(17)(A), 211) and a kidnapping (§§ 190.2, subd. (a)(17)(B), 207). The information

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

alleged Flores and her codefendants acted as principals during the commission of the murder (§ 12022.53, subd. (e)), and acted for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(A)). The information further alleged Flores suffered one prior prison term. (§ 667.5, subd. (b).)

Flores pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) as a lesser included offense of the murder charge and one count of kidnapping (§ 207). As part of her plea agreement, she admitted the allegations supporting the prior prison term enhancement, the gang enhancement, and a separate firearm enhancement (§ 12022, subd. (a)(1)). The sentencing court sentenced Flores to a stipulated aggregate term of 24 years eight months in prison.

In 2019, Flores filed a petition under the resentencing provision of Senate Bill No. 1437, which was codified as section 1170.95. On the petition, Flores checked a box next to a preprinted statement averring she had pleaded guilty to first or second degree murder in lieu of going to trial because she feared she could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine.

3

The People opposed Flores's petition for resentencing on two grounds. First, they argued Senate Bill No. 1437 was unconstitutional.[2] Second, they contended Flores was statutorily ineligible for relief under section 1170.95 because she was convicted of voluntary manslaughter, not murder. The People attached as an exhibit to their opposition brief a copy of Flores's plea agreement.

The trial court held a hearing and denied Flores's petition on grounds she was not convicted of murder and, therefore, was not entitled to relief under section 1170.95.

III

DISCUSSION

A

*Senate Bill No. 1437*

The Legislature enacted Senate Bill No. 1437, effective January 1, 2019, for the expressed purpose of "amend[ing] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) As the Legislature explained,

---

[2]     The People argued Senate Bill No. 1437 was unconstitutional because it purportedly amended voter initiatives without the requisite approval of the electorate, disturbed the separation of powers, and violated the rights of crime victims set forth in Proposition 9, commonly known as the "Victims' Bill of Rights Act of 2008 (Marsy's Law)." While this appeal was pending, we rejected these constitutional challenges to Senate Bill No. 1437. (See *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*); *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270.)

4

"[r]eform [was] needed in California to limit convictions and subsequent sentencing so that the law of California fairly addresse[d] the culpability of the individual and assist[ed] in the reduction of prison overcrowding, which partially result[ed] from lengthy sentences that [were] not commensurate with the culpability of the individual." (*Id.*, subd. (e).)

To effectuate these legislative goals, Senate Bill No. 1437 amended section 188 (concerning the degrees of murder) and section 189 (concerning the definition of malice for purposes of murder). (Stats. 2018, ch. 1015, §§ 2–3.) As amended, section 188 provides as follows: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2, subd (a)(3).)

"New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that the individual is liable for murder 'only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in

subdivision (d) of Section 190.2.' "[3] (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1099, review granted Nov. 13, 2019, S258175 (*Lopez*).)

Additionally, Senate Bill No. 1437 added section 1170.95, which permits a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437. (§ 1170.95, subd. (a).) If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (*Id.*, subds. (c) & (d)(1).)

B

*Application of Section 1170.95*

This appeal requires us to determine whether section 1170.95 permits persons who were convicted of voluntary manslaughter to have their convictions vacated and to be resentenced. "When we interpret statutes, our primary task is to determine and give effect to the Legislature's purpose in enacting the law." (*In re H.W.* (2019) 6 Cal.5th 1068, 1073.) "If the language is clear, courts must generally follow its plain meaning

---

[3]     Section 189, subdivision (e) does not apply when the victim is a peace officer who was killed while in the course of his or her duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of his or her duties. (*Id.*, subd. (f).)

unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*Meza v. Portfolio Recovery Associates, LLC* (2019) 6 Cal.5th 844, 856.) But, "[i]f the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 634 (*Sony*).) "Statutory interpretation is 'an issue of law, which we review de novo.' " (*Union of Medical Marijuana Patients, Inc. v. City of San Diego* (2019) 7 Cal.5th 1171, 1183.)

In accordance with these principles of statutory interpretation, we begin by examining the express language of section 1170.95. By its terms, section 1170.95 authorizes only a person who was "convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated …." (*Id.*, subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must "hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts …." (*Id.*, subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that "the petitioner is eligible to have his or her *murder* conviction vacated" and to be resentenced. (*Id.*, subd. (d)(2), italics added.)

Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder. Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, "while a lesser included offense of murder, is clearly a separate

7

offense …."  (*People v. Strickland* (1974) 11 Cal.3d 946, 960.)  Had the Legislature intended to make section 1170.95 available to defendants convicted of manslaughter, it easily could have done so.  (See *People v. Otis* (1980) 111 Cal.App.3d 467, 476 ["If the Legislature had [intended] it could have easily added manslaughter to those well-recognized crimes which are specifically enumerated in … section 220."].)  The absence of any reference to manslaughter implies the omission was intentional.  (*People v. Williams* (1991) 232 Cal.App.3d 1643, 1647 [" ' " '[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect.' " ' "]; see *People v. Shiga* (2019) 34 Cal.App.5th 466, 476 [" '[I]f the Legislature meant to define only one offense, we may not turn it into two.' "].)

Our conclusion is in accord with other courts that have interpreted the scope of section 1170.95.  In *People v. Cervantes* (Jan. 30, 2020, No. B298077) __ Cal.App.5th __ [2020 Cal.App. LEXIS 76], for instance, our colleagues in the Second District determined that section 1170.95, by its plain terms, establishes a resentencing mechanism only for defendants convicted of murder.  As the *Cervantes* court explained, "the language of the statute unequivocally applies to murder convictions.  There is no reference to the crime of voluntary manslaughter.  To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction.  The plain language of the statute is explicit; its scope is limited to murder convictions."  (*Id.* at p. *2.)

The Court of Appeal interpreted section 1170.95 similarly in *Lopez*, *supra*, 38 Cal.App.5th 1087. There the court considered whether Senate Bill No. 1437 modified accomplice liability for the crime of attempted murder in addition to murder. The *Lopez* court concluded Senate Bill No. 1437 redefined accomplice liability only for murder—not attempted murder—in part due to the language of section 1170.95, which refers only to murder and omits reference to any other offense. (*Lopez*, at pp. 1104, 1105 ["The Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill [No.] 1437 reform is underscored by the language of new section 1170.95"]; see also *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted Nov. 26, 2019, S258234 (*Munoz*) [Senate Bill No. 1437 plainly and unambiguously applies only to murder, in part, because "section 1170.95 … speaks only in terms of murder, not attempted murder."].)

Finally, in *People v. Larios* (2019) 42 Cal.App.5th 956, the Court of Appeal reached a different conclusion than the *Lopez* court on the issue of accomplice liability. As the *Larios* court explained, section 188, as amended, stated that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime' " (*Larios*, at pp. 967–968), and contained "no exceptions for attempted murder, which indisputably requires express malice." (*Id.* at p. 967.) Based on section 188, the *Larios* court determined Senate Bill No. 1437 modified accomplice liability for both murder and attempted murder. (*Larios*, at p. 968.) Even so, *Larios* "agree[d] with the reasoning of *Lopez* … that the relief provided in section 1170.95 [was] limited to certain murder convictions and excludes all other convictions, including a conviction for attempted

9

murder." (*Larios, supra*, 42 Cal.App.5th at p. 970.) The court reasoned "[t]he plain language of section 1170.95, subdivision (a) limits relief to persons 'convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court ….' " (*Id.* at p. 969; see also *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, as mod. on denial of rehg. on Dec. 23, 2019 [Senate Bill No. 1437 amended accomplice liability for both murder and attempted murder, but the "unambiguous language" of section 1170.95 is limited to persons convicted of murder].) Thus, even courts that have taken a broader interpretation of the changes made by Senate Bill No. 1437 have, like us, concluded that section 1170.95 limits relief only to defendants convicted of murder.

Flores acknowledges section 1170.95 does not mention voluntary manslaughter. Nevertheless, she argues section 1170.95 applies to defendants convicted of voluntary manslaughter because a petitioner who seeks relief under section 1170.95 must establish, among other things, that he or she "was convicted of first degree or second degree murder following a trial *or accepted a plea offer in lieu of a trial* at which the petitioner could be convicted for first degree or second degree murder." (*Id.*, subd. (a)(2), italics added.) She asserts the reference to a plea offer, "by necessary implication," suggests section 1170.95 applies to persons who pleaded guilty to voluntary manslaughter.

We reject Flores's interpretation of section 1170.95, which places outsized importance on a single clause to the exclusion of the provision's other language. This violates well-settled rules of construction, which caution that we must not "consider the statutory words in isolation; we must read the language as it is placed in the code section,

10

and in the context of the entire statutory scheme."  (*The Internat. Brotherhood of Boilermakers, etc. v. NASSCO Holdings Inc.* (2017) 17 Cal.App.5th 1105, 1119–1120.)  As discussed, the remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter.

In any event, the statutory language on which Flores relies does not "necessarily suggest" that section 1170.95 is available to persons convicted of voluntary manslaughter because criminal defendants can, and do, plead guilty to the crime of murder.  As the People persuasively argue, a defendant may plead guilty to murder for a variety of reasons, including "to (1) relieve his conscience through confession and atonement, (2) gain some tactical advantage, including a less severe penalty [with fewer sentencing enhancements], (3) avoid the 'agony and expense' of an unnecessary and prolonged trial, where the evidence of guilt is overwhelming [citation], or (4) spare friends and relatives the spectacle and embarrassment, and perhaps publicity, of a public trial [citation]."  (*People v. Chadd* (1981) 28 Cal.3d 739, 761 (conc. & dis. opn. of Richardson, J.).)

Next, Flores points to a provision in the uncodified legislative findings and declarations for Senate Bill No. 1437, which states, "There is a need for statutory changes to more equitably sentence offenders in accordance with their involvement in *homicides*."  (Stats. 2018, ch. 1015, § 1, subd. (b), italics added.)  According to Flores, the reference to homicides reflects an intent for section 1170.95 to apply to manslaughter because the term homicide encompasses both the greater offense of murder and the lesser included offense of manslaughter.  (See *People v. Rios* (2000) 23 Cal.4th 450, 460.)

11

We do not agree with Flores. Her interpretation of the uncodified findings would require us to impermissibly broaden the reach of section 1170.95, which does not mention either manslaughter or homicide. While " 'statements of purpose and intent in [an] "uncodified section ... properly may be utilized as an aid in construing" [a statute], … they "do not confer power, determine rights, or enlarge the scope of [the] measure." ' " (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 266.)

In fact, to the extent the uncodified reference to homicides is relevant at all, we believe it demonstrates the ease by which the Legislature could have substituted the word "homicide" for "murder" in section 1170.95, if it wanted to do so. But it did not. In our view, this suggests a purposeful determination not to extend the resentencing provision to all types of homicides. (*People v. Brackins* (2019) 37 Cal.App.5th 56, 66 [" 'When language is included in one portion of a statute, its omission from a different portion addressing a similar subject suggests that the omission was purposeful.' "].)

Finally, Flores contends our interpretation of section 1170.95 cannot be correct because it would lead to absurd results that were not anticipated by the Legislature. (*People v. Cook* (2015) 60 Cal.4th 922, 927 ["[A] fundamental principle of statutory construction is that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend."].) She argues it would be absurd for a defendant convicted of felony murder or natural and probable consequences murder to be permitted to seek relief under section 1170.95 and to "be released from custody," while a defendant convicted of the lesser included offense of voluntary manslaughter would remain incarcerated.

12

Flores has not established absurdity such that we may stray from the unambiguous language of section 1170.95.  Contrary to what Flores claims, "[a] successful Senate Bill [No.] 1437 petitioner's criminal culpability does not simply evaporate; a meritorious section 1170.95 petition is not a get-out-of-jail free card.  Instead, the petitioner is resentenced on the remaining convictions.  If the murder was charged 'generically' and the target offense was not charged, the murder conviction must be redesignated as the target offense or underlying felony for resentencing purposes.  (§ 1170.95, subds. (d)(3), (e).)" (*Munoz, supra*, 39 Cal.App.5th at pp. 764–765.)  Thus, there is no merit to Flores's claim that successful petitioners would invariably "be released from custody," while persons who pleaded guilty to voluntary manslaughter would remain incarcerated.

Insofar as Flores suggests it would be absurd to interpret section 1170.95 to limit its ameliorative benefits only to defendants convicted of murder, as opposed to a broader swathe of defendants that otherwise meet its criteria, this argument is equally without merit.  "[T]he gap between a defendant's culpability in aiding and abetting the target offense and the culpability ordinarily required to convict on the nontarget offense is greater in cases where the nontarget offense is murder, than where the nontarget offense" is voluntary manslaughter.[4]  (*Lopez, supra*, 38 Cal.App.5th at p. 1112.)  Given this

_____

[4]    "First degree murder is punishable by death, life in prison without the possibility of parole (LWOP), or 25 years to life in prison.  Where the sentence is 25 years to life, the defendant is not eligible for parole until he or she has served 25 years.  [Citations.]  A defendant convicted of second degree murder must serve a sentence of 15 years to life, with parole eligibility after 15 years." (*Munoz, supra*, 39 Cal.App.5th at p. 764.)  By contrast, voluntary manslaughter is punishable by imprisonment for three, six or 11 years. (§ 193, subd. (a).)

disparity, "[t]he Legislature could have reasonably concluded reform in murder cases 'was more crucial or imperative.' " (*Ibid.*)

Additionally, "the process created in section 1170.95 for those convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate that conviction and to be resentenced is not cost free." (*Lopez, supra*, 38 Cal.App.5th at p. 1112.) "In a world of limited resources, it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity." (*Ibid.*; see *Larios, supra*, 42 Cal.App.5th at p. 970 ["[T]here is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions … based on judicial economy and the financial costs associated with reopening … convictions."]; *Medrano, supra*, 42 Cal.App.5th at p. 1018 [same].)

In light of the plain language of section 1170.95, which applies only to qualifying defendants convicted of felony murder or murder under a natural and probable consequences theory, we conclude Flores was statutorily ineligible from seeking relief under section 1170.95.[5]

---

[5] Because the language of section 1170.95 is plain and unambiguous, we need not turn to extrinsic sources to discern legislative intent. (*Sony, supra*, 5 Cal.5th at p. 634 [" ' "If the statutory language is clear and unambiguous our inquiry ends." ' "].) Therefore, we deny the People's request for judicial notice of legislative history materials for Senate Bill No. 1437.

IV

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

I CONCUR:


AARON, J.

I CONCUR IN THE RESULT:


DATO, J.