Filed 8/19/24  P. v. Groux CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086471 |
| Plaintiff and Respondent, | (Super. Ct. No. SF014936A) |
| v. | |
| TIMOTHY MICHAEL GROUX, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2009, a jury convicted defendant Timothy Michael Groux[1] of oral copulation while confined in prison (Pen. Code,[2] former § 288a, subd. (e)),[3] and the court found true allegations that defendant had previously suffered five serious felony convictions within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d) (the "Three Strikes" law).  The court also found that defendant had served two prior prison terms (§ 667.5, former subd. (b)).  In 2010, the court sentenced defendant to 25 years to life, plus two years.  On appeal, we ordered one of the prior prison term enhancements stricken.

In 2023, after the Secretary of the Department of Corrections and Rehabilitation (CDCR) identified defendant as an eligible individual, defendant filed a petition to seek dismissal of the prior prison term enhancement and resentencing pursuant to section 1172.75.  At resentencing, the court struck defendant's prior prison term enhancement but denied defendant's request to dismiss at least three of the four prior strike convictions and resentenced defendant to 25 years to life.

On appeal, defendant argues the resentencing court violated defendant's right to due process and abused its discretion in refusing to dismiss prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 527 (*Romero*) by:  (1) relying on misinformation concerning the nature and circumstances of the offense and other criminal convictions; (2) failing to consider mitigating circumstances pursuant to section 1385, subdivision (c); and (3) failing to determine whether "circumstances have

---

[1]    Defendant's name appears as Timothy Michael Groux in the trial court and appellate records and briefing.  Defendant now goes by the name Tiffany Groux.

[2]    Undesignated statutory references are to the Penal Code.

[3]    Former section 288a was amended and renumbered section 287, effective January 1, 2019.  (Stats. 2018, ch. 423, § 49.)

changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (§ 1172.75, subd. (d)(3)).

We conclude that the court's statements at resentencing indicate that it misapprehended the nature and circumstances of defendant's prior strike convictions and, therefore, the court abused its discretion in denying defendant's request to dismiss prior strike convictions based upon a misunderstanding of defendant's criminal history.[4] We remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.      *Facts of the crime.*[5]

Defendant was assigned to Steven R.'s cell at Wasco State Prison.  Defendant explained to Steven that defendant is homosexual and described defendant's sexual preferences when defendant arrived.  Steven did not comment and went to sleep.  He awoke to defendant orally copulating him and was shocked.  Defendant told Steven that defendant thought Steven would not mind because Steven had not objected when defendant discussed it earlier.  Defendant asked Steven not to hurt or report defendant.  In the morning, Steven told defendant to move out, and defendant told the guard what had transpired.  Steven told authorities that defendant did not threaten him or use physical force.

Defendant admitted having performed oral sex on Steven but insisted that Steven had given permission and that the act was consensual.

---

[4]      Because we find the resentencing court abused its discretion and remand for resentencing on this basis, we do not address defendant's due process argument nor the People's response that defendant forfeited the claim.

[5]      On January 31, 2024, we granted defendant's request for judicial notice of the record on appeal in *People v. Groux* (June 28, 2011, F059366) (nonpub. opn.).  We summarize the facts from our opinion.  (See *id*. at pp. 3–4.)

## II.     *Original trial and sentencing proceedings.*

### A.     **Charges and Conviction**

On November 24, 2009, a jury convicted defendant of oral copulation while confined in a state prison (former § 288a, subd. (e) [now § 287, subd. (e)]; count 1). After defendant waived the right to a jury trial, the trial court found true allegations that defendant had suffered five prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) for:  robbery (§ 211) and burglary (§ 459, subd. (a)) in August 1988; rape (§ 261, subd. (a)(2)) and oral copulation by force (former § 288a, subd. (c) [now § 287, subd. (c)]) in March 1988; and sodomy with a prisoner (§ 286, subd. (e)) in February 2003.  The court also found that defendant had served two prior prison terms for the March and August 1988 convictions (§ 667.5, former subd. (b)).

### B.     **Request to Dismiss Prior Strike Convictions and Opposition**

#### (1)     *Defendant's request to dismiss prior strike convictions*

Prior to sentencing, defendant filed a request to dismiss the prior strike convictions, reduce the offense to a misdemeanor, and impose a sentence to "whatever determinate term the court deem[s] appropriate for engaging in a consensual [sexual act] in prison with another inmate."  Defendant argued that, as to the instant offense, the court should not believe Steven's testimony that he had not consented to oral copulation.  The motion also advised that defendant had been committed to Coalinga State Hospital for life under the Sexually Violent Predator Act (Welf. & Instit. Code, § 6600 et seq.) and would likely not ever be released.  The motion pointed out that four of the five prior strike convictions occurred more than 20 years before the instant offense and if the court dismissed the prior strike convictions, defendant would be returned to the state hospital for life treatment in "the most suitable environment."

The prosecutor opposed defendant's request to dismiss the prior strike convictions. He provided documentation of defendant's criminal history, including probation reports, for the strike offenses. As described in the reports, defendant grabbed a woman's buttocks in a public place at the age of 16 years. Defendant was initially placed in a group home, but after setting fires and running away, defendant was committed to Napa State Hospital. Records show that defendant was sexually aggressive, physically violent, and resistant to treatment while at the hospital. Defendant was released in October 1986 to a halfway house and left the facility in November 1987.

On January 9, 1988, defendant entered a victim's house while she was asleep on her couch. Defendant pulled out a gun and threatened her. The victim fought but defendant handcuffed her and took her into the bedroom. Defendant made her undress from the waist up and, at some point, the victim got away, ran into her backyard, and hid in a neighbor's yard where she was able to get help. Defendant stole the victim's keys and drove away in her car. Defendant pleaded guilty to robbery, burglary, and false imprisonment on August 19, 1988, and received a sentence of two years consecutive to the March 1988 conviction, described next.

On January 10, 1988, defendant entered a medical clinic and contacted a female laboratory technician. Defendant threw her to the ground, got on top of her, covered her mouth, and showed her a syringe that defendant claimed was filled with cyanide and would kill her. Defendant then moved her to another room and used a leather strap to tie her hands, forcing them over her head. Defendant kissed her breasts and forced defendant's penis into her mouth. She refused to orally copulate defendant, and defendant removed her pants, orally copulated her, and then raped her. She managed to run from defendant, but defendant caught her around the neck, threw her to the ground, and slammed her head into a wall. She got free from defendant again and ran. Other individuals came upon them, and defendant ran away. Defendant was subsequently

5.

apprehended elsewhere in the building and threatened suicide with the syringe before being arrested.

In a statement to police, defendant admitted stealing a car, driving to the area the night before, and then being arrested for driving under the influence and possessing firearms.[6] Defendant was released from jail and then entered the clinic again to obtain drugs to commit suicide. Upon encountering the laboratory technician, defendant thought, "well, shit Tim, you're going to die, you're going to kill yourself, you might as well get laid one more time" and "I might as well have some fun." Defendant confessed to rape and oral copulation by force, later pleaded guilty, and received a sentence of 16 years in prison.

Defendant was released on parole in 2001, and parole was revoked twice. The conduct underlying the 2003 conviction occurred in 2002 while defendant was serving a sentence of five months in jail for trespassing,[7] and a guard observed defendant and another prisoner engaged in anal intercourse. Defendant stated that the cellmate had asked for sex, so defendant agreed in order to get moved to a different cell. Defendant pleaded guilty to sodomy with a prisoner (§ 286, subd. (e)) on February 25, 2003. The probation report recommended a sentence of 25 years to life in prison pursuant to the Three Strikes law. However, the trial court granted defendant's motion to strike three of the prior strike convictions and sentenced defendant to a term of six years in prison.

Defendant was paroled in 2008 and committed the instant offense after returning to prison when his parole was revoked.

---

[6] At the time of the probation interview for the March 1988 rape and forcible oral copulation convictions, defendant had an outstanding warrant for being under the influence of a controlled substance and a warrant for vehicle theft, robbery, burglary, and false imprisonment (the charges resulting in defendant's August 1988 prior strike conviction).

[7] Defendant described the offense as trespassing and "child stalking."

### (3)    *Sentencing hearing*

On January 14, 2010, the trial court granted the prosecutor's motion to dismiss the 2003 prior strike conviction for sodomy with a prisoner because it did not qualify as a strike.[8]  Defense counsel argued that the court should dismiss defendant's other prior strike convictions because they were approximately 25 years old and the instant charge was consensual sex with an inmate, which should not merit a life sentence.  Additionally, defendant would be committed for life even when released from prison.  Because defendant's current offense did not involve force, the 2003 conviction did not involve force, and the prior strike convictions were so remote in time, counsel argued defendant's crime was outside the spirit of the Three Strikes law.

The prosecutor argued that defendant's crime did not warrant an exception to the Three Strikes law.  He characterized defendant as a sexual predator whose conduct commenced 25 years ago; defendant continued to be in and out of prison, and while out of prison, committed violent and sex offenses.  The prosecutor reminded the court that two of defendant's prior strike convictions were forcible sex crimes, and two nonsexual strike convictions involved ordering the victim to strip from the waist up before the victim escaped.  Defendant violated prison rules approximately 43 times while in prison and violated parole shortly after each release from prison.  The prosecutor also noted that defendant had been provided leniency from Three Strikes sentencing when, in 2003, the court granted the motion to strike three of defendant's prior strike convictions.  Finally, the prosecutor reminded the court that the probation report in one of the early strike offenses predicted that defendant was likely to reoffend, and defendant had been convicted of two sex offenses since then.

---

[8]    Sodomy while confined in state prison does not require proof of force or lack of consent (§ 286, subd. (e)), and it is neither a violent felony (see § 667.5, subd. (c)(4)) nor a serious felony (§ 1192.7, subd. (c)(4)) for purposes of the Three Strikes Law (§ 667, subd. (d)).

7.

The court heard further argument from both sides about defendant's crimes and prospects for rehabilitation in a hospital or prison, then denied the motion to dismiss the prior strike convictions.  The court sentenced defendant to a total term of 27 years to life in prison that included two consecutive one-year terms for the prior prison term enhancements.

Defendant appealed, and we remanded for the trial court to vacate one of the prior prison term enhancements because defendant did not serve separate prison terms for the March and August 1988 convictions (see § 667.5, subd. (g)).  (*People v. Groux, supra*, F059366.)  The trial court then amended the sentencing minute order to reflect that one of the prior prison terms was stricken.

### III.     *Resentencing pursuant to section 1172.75.*

After the Secretary of the CDCR identified defendant as an individual serving a sentence that included a prison term for a section 667.5, former subdivision (b) prior prison term enhancement, defendant filed a petition for recall and resentencing under section 1172.75 on May 3, 2023, asserting the prior prison term enhancements were legally invalid in light of changes to the law.  Defendant also requested that the court dismiss the remaining section 667.5, former subdivision (b) enhancement, dismiss three of the prior strike convictions, and resentence defendant to a term of four years (the midterm of two years doubled pursuant to § 667, subd. (e)).  Defendant included a copy of the inmate assignment history that showed defendant had completed educational classes, obtained skills training, and participated in other rehabilitative activities.

Defendant did not file a written *Romero* motion.  At the resentencing hearing on June 16, 2023, defense counsel asked the court to strike three of the four prior strike convictions and resentence defendant to a term of four years.  Defense counsel did not discuss the written *Romero* motion filed in 2010.  The prosecutor responded that defendant's criminal history is "a continuing theme, and that is of non-consensual sex

with non-consenting partners." In describing defendant's 2003 conviction, the prosecutor characterized it as a "non-consensual sex case where—where [defendant] applied some sort of—I don't have the offense reports, but it's charged with essentially providing some sort of an either knockout drug or to incapacitate the victim and have consensual sex with them."[9] The prosecutor further argued that defendant's sexual dysfunction and sex offenses were "deeply entrenched" in defendant's personality and not subject to change absent extraordinary circumstances. However, the prosecutor did not refer the court to the 2010 written opposition to defendant's 2010 written *Romero* motion, nor discuss its contents during the resentencing hearing.

Defense counsel responded that defendant had totally changed since the time of the offense. Defendant addressed the court and expressed regret for the rape on January 10, 1988, explained that defendant was the passive participant in the 2003 sodomy in-prison offense, and explained that, in the instant offense, defendant orally copulated Steven at Steven's request.

The resentencing court indicated that it was not the original sentencing court but had reviewed defendant's petition and the rehabilitative information contained therein. The court acknowledged that aggravating factors had not been pleaded or proved and noted it had defendant's criminal history provided by the prosecutor, which it might use to select an appropriate prison term. The court then recalled the sentence and ordered the section 667.5, former subdivision (b) enhancement be stricken. However, the court

---

[9] The probation reports attached the prosecutor's 2010 opposition to defendant's written *Romero* motion do not support the prosecutor's description of the 2003 conviction. The probation report describes only that defendant was engaged in anal intercourse with another prisoner.

9.

declined to exercise its discretion to strike any prior strike conviction pursuant to *Romero, supra*, 13 Cal.4th 497:

> "Based upon the facts of the case and the charges, the defendant's criminal history as outlined in the original probation report and the certified RAP sheet, the defendant's four prior strike convictions are all for sex offenses, the current offense was committed while the defendant was in prison serving a sentence for a sex offense and, again, involved a sex crime.

> "The defendant's criminal history span[s] from 1988 to 2008 when this offense was committed with no significant period where the defendant remained crime-free during that 20-year period. And now you provided information to the Court about you take responsibility for that first offense of rape. And then the second and third offenses you explained how perhaps things didn't occur as they said that they did.

> "But today is not the day for the Court to accept argument and say, you know, I understand that that's not how it happened.

> "What I'm bound by is the convictions that you have suffered. And, you know, whether the events went down the way that you indicate or not, unfortunately I have to follow, and I am bound legally by the convictions.

> "And so even if it was your position that the last incident and the second to the last incident did not occur by force or as explained by the alleged victims, you were convicted of those crimes. And I can't set those aside and, you know, turn a blind eye to the convictions."

The court then resentenced defendant to a term of 25 years to life in prison.

## DISCUSSION

I. ***The resentencing court abused its discretion in denying defendant's request to dismiss the prior strike convictions because it relied upon erroneous information.***

A. **Applicable Law and Standard of Review**

A trial court has discretion to dismiss a prior strike conviction alleged under the Three Strikes law if the dismissal is in the furtherance of justice (§ 1385, subd. (a)), "subject … to strict compliance with the provisions of section 1385." (*Romero, supra*, 13 Cal.4th at p. 504.) "[T]he underlying purpose of striking prior conviction allegations

10.

is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal. 4th 490, 500.) In exercising its discretion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) These are "stringent standards." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

Defendant argues that the trial court's ruling violated rights arising under the due process clauses of the United States and California Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 15.) In support of this claim, defendant cites decisions holding that a convicted person is entitled to be sentenced by a judge who is aware of the scope of its discretion and has accurate information about the defendant's criminal record. (*United States v. Tucker* (1972) 404 U.S. 443, 446–447; *Townsend v. Burke* (1948) 334 U.S. 736, 740–741; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) "Whatever the source of the right, we have repeatedly confirmed that a person subject to the Three Strikes law is entitled to a genuine exercise of sentencing discretion by the trial court [citations] and that the court's decision either way is subject to review for abuse of discretion [citations]. We may thus safely take for granted that a discretionary sentencing decision rendered by a judge who did not understand what he was doing would not be sustainable as a proper exercise of discretion." (*In re Large* (2007) 41 Cal.4th 538, 550.) Therefore, we shall review the denial of a motion to dismiss prior strike convictions for abuse of discretion (see *Carmony, supra*, 33 Cal.4th at p. 374) and need not address defendant's due process argument.

The Three Strikes law establishes that not dismissing a prior strike conviction is the "norm," and there is a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony, supra*, 33 Cal.4th at p. 378.)

11.

Abuse of discretion in failing to dismiss a prior strike conviction occurs in limited circumstances, such as where the trial court was not aware of its discretion; where the trial court considered impermissible factors; or where applying the Three Strikes law would produce an arbitrary, capricious, or patently absurd result under the specific facts of a particular case. (*Ibid*.) Additionally, abuse of discretion occurs when the trial court's findings of fact are not supported by substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.) Substantial evidence is " 'evidence that is reasonable, credible, and of solid value.' " (*People v. Cravens* (2012) 53 Cal.4th 500, 507; see *People v. Reyes* (2023) 14 Cal.5th 981, 988.)

### B. Analysis

Defendant argues that the resentencing court abused its discretion in denying the *Romero* motion by relying on misinformation. The People argue that defendant's failure to correct the court's misunderstanding forfeits the claim on appeal. We agree that this is generally true as to sentencing errors. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) However, because defendant contends, assuming the issue is forfeited, that counsel was ineffective in failing to correct the resentencing court, we exercise our discretion to reach the merits of defendant's claim to forestall the claim of ineffective assistance of counsel. (See *People v. Williams, supra*, 17 Cal.4th at p. 161, fn. 6 [an appellate court has authority to reach a forfeited claim]; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].)

The prosecutor erroneously argued to the resentencing court that defendant's 2003 sodomy in prison offense was a "non-consensual sex case where—where [defendant] applied some sort of … essentially provid[ed] some sort of either knockout drug or to incapacitate the victim and have consensual sex with them." The record contains no evidence of these facts, and the offense description in the probation report describes only

that a guard observed defendant and another prisoner engaged in anal intercourse, and that defendant claimed the inmate asked for sex and defendant complied believing it would result in relocation to a different cell.

The resentencing court described that it had reviewed the facts of the case and the charges, defendant's criminal history as outlined in the original probation report (attached to letter from probation summarizing the prior report and including a recommendation for resentencing), and defendant's certified rap sheet provided by the prosecution. Neither the court nor the parties mentioned defendant's 2010 written *Romero* motion, and the court noted that the prosecution had not filed a written response to defendant's petition.

In denying defendant's request to dismiss the prior strike convictions, the resentencing court stated that "defendant's four prior strike convictions are all for sex offenses" and "the current offense was committed while the defendant was in prison serving a sentence for a sex offense and, again, involved a sex crime." While true that defendant was serving a sentence for a 2003 sex crime when defendant committed the instant sex offense, only two of defendant's prior strike convictions were for forcible sex offenses, that is rape and forcible oral copulation in March 1988. However, the other two prior strike convictions were for robbery and burglary and, although the facts of the latter convictions involved sexual conduct (ordering the victim to strip), the facts of that case were never discussed in the materials reviewed by the resentencing court nor discussed in the hearing. We also note that the original probation report, reviewed by the court, incorrectly lists all four strike offenses as part of the March 1988 conviction (including the burglary and robbery convictions and reflecting a May 1988 disposition date) and identifies the August 1988 prior strike conviction as false imprisonment (§ 236), which was actually the third count in that case but a nonstrike offense to which defendant pleaded guilty.

Additionally, defendant explained to the resentencing court that the 2003 prior conviction and instant 2009 offense did not involve force, rather, defendant agreed to be

13.

the recipient of anal sex in prison relating to the 2003 prior conviction, and in the instant 2009 oral copulation, the victim agreed that defendant did not use force and defendant claimed that it was consensual. The resentencing court erroneously described these offenses as the "second and third offenses," indicating that the court believed that the offenses were prior strike convictions and, since most strike sex offenses involve force, that defendant's offenses for sex acts in prison involved elements of force. This would also explain the court's statement that while defendant argued the sex acts in prison offenses "didn't occur as they said that they did," the court was legally bound by the convictions. However, force is not an element of the former section 288a, subdivision (e) and section 286, subdivision (e) offenses and, therefore, the resentencing court was incorrect when it stated that even if "the last incident and the second to the last incident did not occur by force or as explained by the alleged victims, you were convicted of those crimes. And I can't set those aside and, you know, turn a blind eye to the convictions." Defendant's conviction of those two offenses did not bind the court to find that they involved force.

We find the resentencing court's error analogous to that in *People v. Cluff* (2001) 87 Cal.App.4th 991, in which the court concluded that the trial court abused its discretion in denying Cluff's *Romero* motion because its factual findings were not supported by substantial evidence. (*Id*. at pp. 1002.) Cluff was convicted of failing to update his annual sex offender registration, and the trial court found that defendant had not committed a mere technical violation but had intentionally failed to update to obfuscate his true residence. (*Ibid.*) The appellate court, however, concluded that "none of the facts before the court—whether considered separately or together—support the inference that Cluff failed to update his registration in order to obfuscate his residence or escape the reach of law enforcement." (*Id*. at p. 1003.) The appellate court remanded that case for new hearing on Cluff's motion because the evidence in the record did not support the

14.

inference of obfuscation that was central to the court's ruling denying the *Romero* motion. (*Id*. at pp. 1004–1005.)

As in *People v. Cluff*, the resentencing court in this case erroneously believed that defendant had been convicted of four forcible sex offenses, one of which was as recent as 2003, and that defendant's instant 2009 conviction also involved a forcible offense. These factual determinations are not supported by the evidence.

The People argue that while the resentencing court misapprehended the nature of defendant's strike convictions, the error did not affect the court's resentencing decision.[10] However, remand is appropriate unless the record clearly indicates the resentencing court would not have dismissed or stricken the prior convictions regardless of the nature of the strike convictions. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) We must also remand if we are unable to determine whether the improper factor was determinative for the sentencing court. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

The People argue that the court was fully aware of its sentencing discretion and "made sound decisions in declining to dismiss any of [defendant]'s prior strike convictions" by considering the circumstances of defendant's eligibility for resentencing: the petition and supporting evidence; defendant's rehabilitative efforts; defendant's mental health; and defendant's criminal history. However, the People also recognize that the court relied upon defendant's criminal history in denying defendant's motion but ignore the court's misapprehension as to the actual crimes for which defendant was

---

**10**    As defendant argues and the People recognize, a court's reliance on erroneous sentencing reports or other incorrect and unreliable information can rise to the level of a denial of due process. (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080.) However, we do not decide whether a prosecutor's misstatements and the court's error give rise to a due process violation where, as here, defendant claims that the error occurred in the prosecutor's description of the crime and not the probation reports and records of defendant's criminal history. Rather, having decided that the court abused its discretion by denying defendant's *Romero* motion based upon its findings as to defendant's criminal history that were not supported by substantial evidence, we do not address defendant's due process argument.

15.

convicted. The resentencing court did not make any statement that would indicate it would have denied defendant's *Romero* motion regardless of the nature and circumstances of the prior offenses. Therefore, we cannot conclude that the resentencing court would have denied defendant's motion even had it not been mistaken as to the nature of the prior strike convictions.

Because the resentencing court's denial of the *Romero* motion seems to have relied upon the fact that defendant had four prior forcible sexual strike convictions and the 2003 conviction involved forcible sodomy in prison, we cannot conclude that the court's decision was not affected by that erroneous belief. Defendant argued that the two forcible sex offenses in 1988 occurred when defendant was 19 years old, approximately 35 years prior to the resentencing date. Defendant's remaining two prior strike convictions occurred one day before the other prior strike convictions. Thereafter, while defendant committed additional felony sex offenses, defendant argued that these were consensual acts and crimes only because they occurred in prison. The court's comments suggest that the court believed that it could not accept defendant's argument that the subsequent offenses were consensual because it believed that the elements of the offenses included force and that fact, therefore, was established by the fact of the conviction. The court could reject defendant's argument that the non-forcible nature of the 2003 and 2009 offenses, although crimes, put him outside the spirit of the Three Strikes law. However, the record does not indicate that the court would have denied defendant's motion even if it had not misapprehended defendant's criminal history.

The trial court's reliance on that erroneous information may have influenced its resentencing decision, and therefore, we vacate the sentence and remand for the court to rehear the *Romero* motion and resentence defendant, permitting the court to exercise its discretion based upon a correct understanding of defendant's criminal history. We express no view concerning whether the resentencing court should exercise its discretion to grant defendant's *Romero* motion.

16.

## II. *Defendant's remaining arguments that the resentencing court abused its discretion in denying defendant's request to dismiss the prior strike convictions.*

### A. Application of Section 1385, subdivision (c) to Defendant's *Romero* Motion

#### (1) *Applicable law and standard of review*

Section 1385, subdivision (a) has long permitted a trial court to dismiss or strike an enhancement. (*People v. Thomas* (1992) 4 Cal.4th 206, 209.) On January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) went into effect, amending section 1385, subdivision (c) "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see Stats. 2021, ch. 721, § 1.)

Section 1385, subdivision (c)(1), now provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

Defendant contends there is a reasonable probability the trial court would have dismissed defendant's prior strike convictions based on several mitigating factors in section 1385, subdivision (c)(2): (1) the commitment offense was connected to mental illness (*id*., subd. (c)(2)(D)); (2) the current offense is connected to prior victimization or childhood trauma (*id*., subd. (c)(2)(E)); (3) the current offense is not a violent felony as defined section 667.5, subdivision (c) (*id*., subd. (c)(2)(F)); and (4) the enhancement is

based on a prior conviction that is over five years old (*id*., subd. (c)(2)(H)).  The People argue that section 1385, subdivision (c) does not affect the court's discretion to dismiss defendant's prior strike conviction because the Three Strikes law is an alternative sentencing scheme, not an enhancement.

Whether section 1385, subdivision (c) applies to the court's decision to strike or dismiss prior convictions countable as strikes within the meaning of the Three Strikes law is a question of law that we review de novo under well-settled standards of statutory interpretation.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  To determine the Legislature's intent and effectuate the law's purpose, we begin with the language of the statute itself, giving words their plain and commonsense meaning while also considering the framework of the entire statutory scheme and keeping in mind its nature and purpose.  (*Ibid*.)

If the words do not provide a reliable indicator of legislative intent, we may be able to resolve ambiguities " 'by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes.' "  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)  We do not interpret the statute so literally as to contravene the apparent legislative intent, " ' "and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." ' "  (*Ibid*.)  However, if the statute is ambiguous, "we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy."  (*Ibid*.)

### (2) *Analysis*

#### a) **Forfeiture**

Even if the trial court abused its discretion by not applying section 1385, subdivision (c) when deciding defendant's *Romero* motion, we agree with the People that defendant forfeited this argument by not objecting when sentenced.  " 'A party in a

criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons .…" ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

Defendant argues that should we find the argument forfeited, then defense counsel provided ineffective assistance by failing to argue section 1385, subdivision (c) applied to the court's consideration of defendant's prior strike convictions and supported striking them. "To demonstrate ineffective assistance of counsel, a defendant must show that [defense] counsel's action was, objectively considered, both deficient under prevailing professional norms and prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish prejudice, a defendant must show a reasonable probability that, but for counsel's failings, the result of the proceeding would have been more favorable to the defendant. (*Id.* at p. 694.)" (*People v. Hinton* (2006) 37 Cal.4th 839, 876.) Because we conclude, *post*, that section 1385, subdivision (c) does not apply to the court's consideration of defendant's *Romero* motion, we reject defendant's argument that counsel was ineffective in failing to raise the issue to the resentencing court.

### b) Section 1385, subdivision (c)

In *People v. Burke* (2023) 89 Cal.App.5th 237, 244 (*Burke*), the Third District Court of Appeal considered whether section 1385, subdivision (c) applies to prior strike convictions and concluded that it does not. Section 1385, subdivision (c)(1), outlines mitigating factors the trial court must consider in deciding whether to "dismiss *an enhancement*." (Italics added.) "The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an

additional term of imprisonment added to the base term." ' [Citations.]  It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense."  (*Burke*, at p. 243; see Cal. Rules of Court, rule 4.405(5).)  "The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement."  (*Burke*, at p. 244.)

The Courts of Appeal have thus far rejected the argument that section 1385, subdivision (c), applies to the trial court's authority to dismiss a prior strike conviction under the Three Strikes law.  (*Burke, supra*, 89 Cal.App.5th at pp. 242–244; *People v. Olay* (2023) 98 Cal.App.5th 60, 64−69 (*Olay*); *People v. Dain* (2024) 99 Cal.App.5th 399, 410–411 (*Dain*).)  We find the reasoning of these courts persuasive.  "The Three Strikes law is a separate sentencing scheme."  (*People v. Henderson* (2022) 14 Cal.5th 34, 43.)  The law does not impose an additional term of imprisonment on top of the base term like an enhancement, but instead, "when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense."  (*Romero, supra*, 13 Cal.4th at p. 524.)  Based on the statute's plain language, section 1385, subdivision (c) applies only to enhancements and, therefore, does not apply to the Three Strikes law as an alternative sentencing scheme.  (*Dain*, at pp. 410–411; *Burke*, at p. 244; accord, *Olay*, at p. 67.)

The legislative history of Senate Bill 81 supports this interpretation.  (See *People v. Harrison* (2013) 57 Cal.4th 1211, 1221–1222 [courts may look to extrinsic aids, including legislative history, to interpret a statute where the statutory language is unclear or ambiguous].)  In a June 2021 bill analysis of Senate Bill 81, the Assembly Committee on Public Safety generally defined an " 'enhancement' " consistent with the California Rules of Court.  (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.), as amended Apr. 27, 2021, at p. 5.)  The bill analysis went on to state: "An enhancement differs from an alternative penalty scheme.  An alternative penalty scheme does not add an additional term of imprisonment to the base term; instead, it

20.

provides for an alternate sentence for the underlying felony itself when it is proven that certain conditions specified in the statute are true.  [Citations.]  Th[is] include[s] the Three Strikes Law [citations] among others.  The presumption created by this bill applies to enhancements, *but does not encompass alternative penalty schemes*."  (*Id*. at pp. 5−6, italics added.)  "A more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined."  (*Olay, supra*, 98 Cal.App.5th at p. 67.)[11]

Defendant argues that the legislative history accompanying the amendment of section 1172.1 should inform our interpretation of section 1172.75.  Section 1172.1 provides a recall and resentencing procedure that may be invoked when, for example, the Secretary of the CDCR recommends resentencing.  (§ 1172.1, subd. (a)(1).)  Effective January 1, 2024, Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)

While recognizing section 1172.1 does not apply in this case, defendant relies on the following language from the uncodified preamble to the amended statute:  "It is the … intent of the Legislature that courts have full discretion in resentencing proceedings

---

[11]     *Burke* indicated the legislative history of Senate Bill 81 is "inconsistent with [section 1385, subdivision (c)'s] plain language and suggests that the term enhancement includes the Three Strikes law" because of "repeated expressions that Senate Bill No. 81 was intended to codify the recommendations of the Committee on the Revision of the Penal Code," whose report "repeatedly refers to 'Strikes' as enhancements rather than using the technical legal meaning and does not separate 'Strikes' from inclusion in its recommendation."  (*Burke, supra*, 89 Cal.App.5th at p. 243, fn. 3.).  However, *Olay* concluded, "[T]he broader understanding of the term enhancement used by the [Committee on the Revision of the Penal Code] is irrelevant here. And to the extent the legislative history may have been unclear about the meaning of the term enhancement before June 2021, the June 2021 bill analysis cleared up that confusion."  (*Olay, supra*, 98 Cal.App.5th at p. 69.)  We find *Olay*'s reasoning more persuasive on this point.

pursuant to Section 1172.1 of the Penal Code to reconsider past decisions to impose prior strikes.  The list of factors considered in *People v. Superior Court* (*Romero*)[, *supra*,] 13 Cal.4th 497, is not exhaustive.  Courts should consider Section 1385 of the Penal Code, postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice." (Stats. 2023, ch. 446, § 1, subd. (b).)

Defendant argues that the Legislature's statement in Assembly Bill 600 undermines *Burke*'s reasoning and suggests the Legislature intended section 1385, subdivision (c) to apply to decisions whether to dismiss prior strike convictions.[12]  *Dain* rejected this argument (*Dain, supra*, 99 Cal.App.5th at p. 412), as do we.  As *Dain* and *Olay* observed, *Burke* relied on the canon of statutory construction:  " ' "[W]hen a word used in a statute has a well-established *legal* meaning, it will be given that meaning in construing the statute." ' "  (*Dain*, at p. 412, quoting *Olay, supra*, 98 Cal.App.5th at p. 65.)  "We do not believe an uncodified declaration in a subsequent law amending a different statute demonstrates the Legislature intended the term 'enhancement' as used in section 1385[, subdivision ](c) to refer to something other than its well-established legal meaning.  (Cf. *Olay, supra*, at p. 67 ['we are skeptical the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner by obliquely referencing 'juvenile adjudications' as one of the relevant mitigating circumstances'].)"[13]  (*Dain*, at p. 412.)

*Dain* additionally rejected the argument because section 1385, subdivision (c) cannot be construed in a manner that amends the Three Strikes law, which may only be amended " 'by statute passed in each house by rollcall vote entered in the journal, two-

---

[12]     We note, however, that the legislative comments do not suggest that the procedure and presumptions in section 1385, subdivision (c) are applicable to determining whether to dismiss or strike a prior conviction for purposes of the Three Strikes law, but that the listed factors should also inform (not control) the *Romero* analysis.

[13]     We also find significant the Legislature did not amend section 1172.75 to make the same changes when it amended section 1172.1.

thirds of the membership concurring' [Citations], but neither Senate Bill 81 (which added § 1385[, subd. ](c)) nor Assembly Bill 600 (which includes the legislative declaration defendant relies on) passed by two-thirds of the membership.  (Sen. Daily J. (Sept. 9. 2021) p. 2553 [Sen. Bill 81]; Assem. Daily J. (Sept. 8, 2021) p. 2941 [Sen. Bill 81]; Sen. Daily J. (Sept. 13, 2023) p. 2704 [Assem. Bill 600]; Assem. Daily J. (Sept. 13. 2023) p. 3470 [Assem. Bill 600].)"  (*Dain, supra*, 99 Cal.App.5th at pp. 412–413, first & second bracketed insertions added.)

Section 1385, subdivision (c)(2)(H)'s requirement that a court treat the fact that a prior strike conviction is over five years old as a mitigating circumstance would conflict with the Three Strikes law itself.  (*Dain, supra*, 99 Cal.App.5th at p. 411.)  Specifically, section 667, subdivision (c)(3), expressly states:  "The length of time between the prior serious or violent felony conviction and the current felony conviction shall not affect the imposition of sentence."  *Dain* concluded, "We do not presume the Legislature intended to repeal this provision when it enacted section 1385[, subdivision ](c)(2)(H).  (See *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 637 ['Repeals by implication are disfavored.'].)  Thus, under section 667[, subdivision ](c)(3), the bare fact that a prior strike conviction is over five years old cannot be the basis for dismissing the strike." (*Dain*, at p. 411.)

Section 1385, subdivision (c)(2)(C) provides that where application of an enhancement could result in a sentence over 20 years, the enhancement shall be dismissed.  However, section 667, subdivision (e)(2)(A), sets the minimum term of an indeterminate life sentence for a third striker to include "[i]mprisonment in the state prison for 25 years."  (*Id*., subd. (e)(2)(A)(ii).)  Application of this mitigating factor could effectively preclude imposition of any third strike offense.  Again, we do not presume repeal by implication in interpreting potentially inconsistent statutes.

Because section 1385, subdivision (c), as amended by Senate Bill 81, does not apply to the Three Strikes law, the resentencing court was not required to provide great

23.

weight to any of the mitigating factors in that statutory subdivision in ruling on defendant's *Romero* motion and did not abuse its discretion in failing to do so. Counsel was not ineffective in failing to argue section 1385, subdivision (c)'s application to the resentencing court.

### c) Section 1172.75, subdivision (d)

Defendant argues that the resentencing court abused its discretion when it failed to consider "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (§ 1172.75, subd. (d)(3)) in considering defendant's *Romero* motion. Section 1172.75, subdivision (d)(2) instructs the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."[14] The court "*may* consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued

---

[14] In 2012, after defendant's sentencing, the electorate passed the Three Strikes Reform Act of 2012 (Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). Under the Reform Act's revised penalty provisions, many third strike defendants are excepted from the provision imposing an indeterminate life sentence (see § 1170.12, subd. (c)(2)(A)) and are instead sentenced in the same way as second strike defendants (see *id*., subd. (c)(2)(C)); that is, they receive a term equal to "twice the term otherwise provided as punishment for the current felony conviction" (*id*., subd. (c)(1)). Defendant does not qualify for this ameliorative change, however, having been previously convicted of an offense involving sexual violence. (§§ 667, sub. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I).)

We note that some courts have held that the revised penalty provisions of the Reform Act do not apply when a defendant is resentenced pursuant to section 1172.75, given that the Reform Act also created a separate resentencing mechanism requiring the court to consider public safety concerns (§ 1170.126). (See *People v. Superior Court (Guevara)* 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305; *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259.)

incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3), italics added).)

Section 1172.75, subdivision (d)(3) permits, but does not require, that a resentencing court consider if postconviction factors have reduced the defendant's risk for future violence and "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." Here, the resentencing court's comments reflect its consideration of the postconviction information that defendant supplied with the petition for resentencing even if it was not required to do so.[15] As the resentencing court was not required to consider such factors, there could be no abuse its discretion even if it had failed to do so.

### d) Court failed to consider other circumstances

Defendant also apparently argues that the resentencing court abused its discretion in denying the *Romero* motion because defendant is "outside the spirit of the Three Strikes law." Defendant argues that the court was required to consider the following factors that require dismissal of the prior strike convictions: (1) oral copulation in prison is not a violent felony (§ 667.5, subd. (c)(5)); (2) the prior strike convictions were 35 years old at the time of the resentencing hearing; (3) defendant was 19 years old at the time of the four prior strike offenses (and young adults have diminished culpability and greater prospects for reform; (4) defendant was 42 years old when sentenced in 2010, is currently 56 years old, has served 14 years of the sentence, and has engaged in rehabilitative programing and mental health treatment, indicating defendant is less likely to commit new offenses; and (5) defendant suffered from long-standing and ongoing mental illness at the time of the prior and instant offenses.

---

[15] Because the record does not support defendant's argument that the resentencing court failed to consider these factors, we do not address whether or how section 1172.75, subdivision (d)(3) affects the resentencing court's exercise of discretion pursuant to section 1385, subdivision (a) in ruling on defendant's *Romero* motion.

Most of these circumstances were before the resentencing court. The presentence report included a description of the offense, which included Steven's statement that he awoke to defendant orally copulating him, but Steven did not feel threatened and stated that defendant did not use force. It also included defendant's statement that Steven had consented to defendant's conduct. The presentence report also indicated that the prior strike convictions occurred in 1988, defendant's date of birth and age, the date of the original sentence, and that defendant suffered from bipolar disorder. Defendant's mental health condition for the prior two years was documented in defendant's petition for resentencing. However, defendant failed to provide the court any information that defendant's mental condition was involved in the commission of defendant's offense.

The resentencing court stated that it had considered the facts of the case, the charges, defendant's criminal history as outlined in the original probation report, defendant's certified rap sheet, that defendant committed the current offense while in prison serving a sentencing for a sex offense, and that between 1988 (the date of the prior strike convictions) and 2008 (the date of the instant offense), defendant had no significant period where defendant remained crime-free. The court also stated on the record that it had considered the documentation submitted relating to defendant's mental health condition but did not find any discussion of whether the condition had contributed to the offense.

The court's failure to address each specific factor raised by defendant to support defendant's motion is not an abuse of its discretion. (See *In re Marriage of Diamond* (2021) 72 Cal.App.5th 595, 602–603 [where a statute requires a court to consider certain factors when rendering a decision, the court is not required to expressly address each factor unless the statute specifically so requires]; *People v. Nevill* (1985) 167 Cal.App.3d 198, 202 [sentencing court is presumed to have considered all relevant factors even if not expressly articulated].)

26.

However, having found that the resentencing court misapprehended the nature and circumstances of defendant's prior strike convictions and of the subsequent sex offenses that occurred in prison, defendant is entitled to a new resentencing hearing. At such hearing, defendant will have the opportunity to provide the resentencing court with the information and arguments defendant claims the court overlooked.

"Extraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very statutory scheme within which he squarely falls and whose continued criminal career the law was meant to attack." (*People v. Strong* (2001) 87 Cal.App.4th 328, 332.) Therefore, the "circumstances where no reasonable people could disagree that [a career] criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony, supra*, 33 Cal.4th at p. 378.) We conclude only that the resentencing court's findings that defendant's 1988 prior strike convictions all involved forcible sex offenses and the 2003 sex offense in prison also involved a use of force were not supported by substantial evidence. We express no view concerning whether the resentencing court should exercise its discretion to grant defendant's *Romero* motion.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing.

HILL, P. J.

WE CONCUR:

LEVY, J.

POOCHIGIAN, J.

27.